MAYALL HURLEY P.C.
**JENNY D. BAYSINGER (SBN: 251014)**
**jbaysinger@mayallaw.com**
**ROBERT J. WASSERMANN (SBN: 258538)**
**rwassermann@mayallaw.com**
**2453 Grand Canal Boulevard**
**Stockton, California 95207-8253**
**Telephone: (209) 477-3833**
**Facsimile: (209) 473-4818**

**Attorneys for Plaintiff Crystal Mitchell and the Putative Class**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CRYSTAL MITCHELL, individually and on behalf of all others similarly situated,**<br><br>          **Plaintiffs,**<br><br>vs.<br><br>**UNITED HEALTH CENTERS OF THE SAN JOAQUIN VALLEY, a California corporation; and DOES 1-100, inclusive,**<br><br>          **Defendants.** | **Case No.:**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>1.  **FAILURE TO PAY MINIMUM WAGE**<br>2.  **FAILURE TO PAY OVERTIME**<br>3.  **FAILURE TO PROVIDE COMPLIANT MEAL BREAKS AND PREMIUMS**<br>4.  **FAILURE TO TIMELY PAY WAGES ON SEPARATION**<br>5.  **FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS**<br>6.  **UNLAWFUL BUSINESS PRACTICES** |

Plaintiff Crystal Mitchell ("Mitchell" or "Plaintiff") brings this class action against United Health Centers of the San Joaquin Valley ("Defendant" or "UHSJ"), and Does 1 through 100, for violations of the Fair Labor Standards Act, the California Labor Code, and the Business and Professions Code.

## PARTIES

1.      Mitchell is, and at all times relevant herein was, employed in Fresno County, California, and was an "employee" as defined by the Fair Labor Standards Act ("FLSA"), the California Labor Code ("Labor Code"), and the applicable California Industrial Wage Commission ("IWC") Order(s).

2.     UHSJ is a corporation organized and existing under the laws of the state of California, with its principal place of business located at 3875 W. Beechwood Avenue, Fresno, Fresno County, California.  At all times relevant herein, UHSJ has been an "employer" as defined by the Fair Labor Standards Act ("FLSA"), the California Labor Code ("Labor Code"), and the applicable California Industrial Wage Commission ("IWC") Order(s).

3.     UHSJ and Does 1-100 are collectively referred to as Defendants.

4.     Plaintiff is not aware of the true names and capacities of the Defendants sued herein as Does 1 through 100, whether individual, corporate, associate, or otherwise and therefore sues such Defendants by these fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.   Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries and damages herein alleged were legally caused by such Defendants.  Unless otherwise indicated, each Defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-Defendant.

5.     Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, each of the Defendants, including each Doe Defendant, was acting as the agent, servant, employee, partner and/or joint venturer of and was acting in concert with each of the remaining Defendants, including each Doe Defendant, in doing the things herein alleged, while at all times acting within the course and scope of such agency, service, employment partnership, joint venture and/or concert of action.  Each Defendant, in doing the acts alleged herein, was acting both individually and within the course and scope of such agency and/or employment, with the knowledge and/or consent of the remaining Defendants.

## JURISDICTION AND VENUE

6.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, and 29 U.S.C. § 216(b).

7.      Jurisdiction over the class claims is proper pursuant to 28 U.S.C. section 1332, subdivision (d) as the Defendant is a resident of California and resides in a different state than at

/ / /

least one member of the Class, which is believed to consist of more than 500 individuals, and the amount in controversy exceeds $5,000,000.

8.      This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 because the pendent state law claims arise out of the same controversy between the parties.

9.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because the unlawful acts alleged herein took place in Fresno County, California, which is within this Eastern District, and Plaintiff's place of employment with Defendants was within this District.  Plaintiff hereby demands a jury trial.

## GENERAL ALLEGATIONS

10.      Plaintiff was hired by UHSJ as a staff accountant on or about March 2, 2015.

11.      Throughout her employment, Plaintiff was properly classified as a non-exempt employee and paid an hourly wage.  As such, he was entitled to be paid at least minimum wage for every hour he worked and overtime for hours worked beyond eight (8) in a workday, forty (40) in a workweek, the first eight (8) hours of worked on the seventh consecutive day in the workweek, and doubletime for hours worked beyond 12 in a workday and hours worked beyond eight (8) on the seventh consecutive workday in the workweek.  Cal. Labor Code § 510.

12.      Throughout her employment, however, Plaintiff and UHSJ's other non-exempt California employees were not paid for every hour they worked.  UHSJ employed, with regard to Plaintiff and its other non-exempt employees, an impermissible but uniform policy and practice of rounding its employees' time.

13.      Throughout Plaintiff's employment, UHSJ recorded employee time precisely and to the minute.  Despite having express knowledge of the actual amount of time Plaintiff and other non-exempt employees were clocked in during the workday, UHSJ employed a uniform policy of rounding all time worked to the nearest quarter hour.  This often resulted in Plaintiff, and other non-exempt employees, not being paid for all time actually worked.  *Camp v. Home Depot U.S.A., Inc.*, 84 Cal.App.5th 638, 658-660 (Cal. 2022); *Eisele v. Home Depot U.S.A., Inc.*, 2022 WL 17360706 * 5 (D. Or. 2022).

/ / /

14. UHSJ's rounding policy is not neutral, as applied, to Plaintiff and many other non-exempt California employees. Instead, Plaintiff is informed and believes that the policy resulted in her not being compensated for all time worked during her employment with UHSJ.

15. Additionally, and despite routinely and consistently working more than 8 hours per day and 40 hours per week, Plaintiff and UHSJ's other non-exempt employees were also not paid for all of the overtime hours they worked because of UHSJ's unlawful and uniform rounding policy.

16. By way of specific example, on October 6, 2020, Plaintiff's time records reflect that she actually worked from 8:09 to 12:45 and from 1:25 to 7:28. Plaintiff was actually clocked in and working for 10 hours and 39 minutes; 8 hours or regular time and 2 hours and 39 minutes (2.65) hours of overtime.

17. Due to the application of UHSJ's unlawful rounding policy, however, Plaintiff was only credited with working 10.50 hours on October 6, 2020. Plaintiff was denied 0.15 hours of overtime compensation for the October 6, 2020 workday.

18. Similarly, on October 7, 2020, Plaintiff's time records reflect she was clocked in and working from 7:59 to 12:45 and from 1:25 to 7:45. Plaintiff was clocked in and working for a total of 11 hours and 6 minutes (11.1 hours).

19. Due to UHSJ's improper rounding system, and despite the fact UHSJ was fully aware of the exact amount of time (including overtime) that Plaintiff worked on October 7, 2020, she was only credited and compensated for 11 hours.

20. Plaintiff was denied overtime compensation for 0.1 hours of work performed on October 7, 2020.

21. Throughout her employment, UHSJ also failed to properly calculate and pay the overtime wages owed to Plaintiff and its other non-exempt employees.

22. Specifically, UHSJ failed to include commissions, non-discretionary bonuses and other items of compensation (including shift premiums and differentials) when determining Plaintiff's and its other non-exempt employees' regular rate of pay for purposes of overtime.

23. For example, Plaintiff was paid a "Bonus" of $644.61 on the pay date of August 10, 2022. **Exhibit 1**.

24.     Pursuant to its uniform policy, practice and procedure, UHSJ failed to include Plaintiff's bonus when calculating her regular rate of pay and thus underpaid her for the overtime she worked during the period the "Bonus" was earned.  *Id.*

25.     Plaintiff worked overtime hours during the pay period July 15-30, 2022, which was associated with the August 10, 2022 pay date.  Her records indicate she worked six (6) overtime hours during that period.  *Id.*

26.     Although Plaintiff worked overtime (at least 6 hours) during the period the "Bonus" paid on August 10, 2022 was earned, she was always compensated for overtime at 1 ½ her then existing "base hourly rate".  For the August 10, 2022 pay date, Plaintiff was only compensated for the six (6) overtime hours she worked at the rate of $40.89; 1 ½ times her base hourly rate of $27.26.  *Id.*

27.     Pursuant to its uniform policy, practice and procedure, UHSJ failed to include Plaintiff's bonuses, as well as other non-discretionary pay, when calculating her regular rate of pay and thus underpaid her for the overtime she worked.

28.     Plaintiff and UHSJ's other non-exempt California employees were also entitled to sick pay.

29.     Any sick pay used appeared on their wage statements as "PTOU", which constituted unscheduled PTO.

30.     UHSJ failed to include commissions, non-discretionary bonuses and other items of compensation (including shift premiums and differentials) when determining Plaintiff's and its other non-exempt California employees' regular rate of pay for purposes of sick pay.

31.     Instead, redeemed sick pay was only paid at the base hourly rate of Plaintiff and UHSJ's other California non-exempt employees.

32.     Pursuant to its uniform policy, practice and procedure, UHSJ failed to include Plaintiff's bonuses and other non-discretionary pay when calculating her regular rate of pay and underpaid her for the PTO hours she redeemed for sick leave.  Exh. 1.

33.     Plaintiff and UHSJ's other non-exempt California employees were entitled to meal breaks in accordance with California law.

/ / /

34.     However, Plaintiff and UHSJ's other non-exempt California employees were not always authorized or permitted to take compliant meal breaks.

35.     Specifically, throughout her employment Plaintiff sometimes worked shifts in excess of 10 hours.  UHSJ did not afford Plaintiff the opportunity for a second meal period during *any* eligible shift during her employment, specifically including October 6 and 7, 2020.

36.     UHSJ also often required Plaintiff and its other non-exempt California employees to work through meal breaks due to understaffing and work demands.

37.     Further, on the occasions that Plaintiff and UHSJ's other non-exempt California employees were able to take their meal breaks, they sometimes occurred after more than 5 hours of work, were short, or were interrupted.

38.     By way of specific example, on October 6, 2021, Plaintiff clocked in to work at 8:01 a.m., but was not afforded an opportunity to take a meal period until 1:15 p.m., after the end of her fifth hour of work.

39.     Similarly, on October 12, 2021, Plaintiff clocked in and began working at 8:09 a.m. but was not relieved or otherwise given the opportunity for a meal period until 1:15 p.m., after the end of her fifth hour of work.

40.     When Plaintiff and UHSJ's other non-exempt California employees were not provided compliant meal breaks, UHSJ did not pay premiums as required by California law.

41.     In addition, because "Bonus" earnings and other non-discretionary pay was not included in the calculation of the "regular rate of compensation" any meal break premiums that were paid were not paid at the appropriate rate.

42.     Because of the violations set forth above, the wage statements furnished by UHSJ to their non-exempt California employees violated California Labor Code section 226(a) insofar as they failed to accurately show:

     a.    The gross wages earned, in violation of section 226(a)(1);
     b.    The total hours worked by the employee in violation of section 226(a)(2);
     c.    The net wages earned, in violation of section 226(a)(5); and
     d.    All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of section 226(a)(9).

/ / /

43.    Separately, and because of UHSJ's rounding policy, the wage statements furnished routinely (if not always) failed to accurately identify total hours worked as they only identified the "rounded" hours, as opposed to the actual, accurate, and precise time employees were clocked in and working, which actual time UHSJ tracked and has record of.

44.    UHSJ was, at all times relevant herein, aware of the requirements of California Labor Code section 226.

45.    UHSJ has, at all times relevant herein, furnished wage statements to each of its non-exempt California employees pursuant to an established set of policies, procedures and practices.

46.    Plaintiff and UHSJ's other non-exempt California employees, both current and former, have suffered injury as a result of UHSJ's knowing and intentional failure to comply with California Labor Code section 226(a).

47.    Plaintiff and UHSJ's other non-exempt California employees, both current and former, were unable to promptly and easily determine their gross wages earned from the wage statements furnished by UHSJ.

48.    Plaintiff and UHSJ's other non-exempt California employees, both current and former, have suffered injury as a result of UHSJ's knowing and intentional failure to furnish wage statements accurately showing the gross wages earned by them in violation of California Labor Code section 226(a)(1).

49.    Plaintiff and UHSJ's other non-exempt California employees, both current and former, who worked overtime, were unable to promptly and easily determine their total hours worked from the wage statements furnished by UHSJ.

50.    Plaintiff and UHSJ's other non-exempt California employees, both current and former, who worked overtime, have suffered injury as a result of UHSJ's knowing and intentional failure to furnish wage statements accurately showing their total hours worked in violation of California Labor Code section 226(a)(2).

51.    By way of specific example, the wage statement issued to Plaintiff for the pay period October 1-15, 2020 fails to include at least 0.25 hours of overtime worked as such was not compensated for due to UHSJ's rounding policy.

52.     Plaintiff and UHSJ's other non-exempt California employees, both current and former, were unable to promptly and easily determine their net wages earned from the wage statements furnished by UHSJ.

53.     Plaintiff and UHSJ's other non-exempt California employees, both current and former, have suffered injury as a result of UHSJ's knowing and intentional failure to furnish wage statements accurately showing the net wages earned by them in violation of California Labor Code section 226(a)(5).

54.     Plaintiff and UHSJ's other non-exempt California employees, both current and former, were unable to promptly and easily determine all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate from the wage statements furnished by UHSJ.

55.     Plaintiff and UHSJ's other non-exempt California employees, both current and former, have suffered injury as a result of UHSJ's knowing and intentional failure to furnish wage statements accurately showing all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of section 226(a)(9).

56.     From at least four years prior to the filing of this action, UHSJ has adopted and employed unfair business practices.  These unfair business practices include, but are not limited to, failing to employees for all hours worked, failing to pay for all overtime hours worked, failing to properly calculate and pay all overtime wages and sick pay due, failing to provide compliant meal breaks, and failing to pay appropriate premiums for the same.

57.     Plaintiff separated from employment with UHSJ on October 20, 2022.

58.     At the time of Plaintiff's separation, UHSJ owed her outstanding wages, including unpaid minimum wages for time that was rounded and never compensated, unpaid overtime wages for time that was improperly rounded, underpaid overtime wages for time that was not properly compensated at the regular rate of pay, redeemed sick leave wages that were not compensated at the regular rate of pay, and meal break premium wages that were not provided and/or were not compensated at the regular rate of compensation.

/ / /

59.    UHSJ's other former California non-exempt employees similarly separated without being timely provided all wages due and owing.

60.    UHSJ's failure to pay the outstanding wages to Plaintiff and its other non-exempt California employees was willful.

## COLLECTIVE ACTION ALLEGATIONS

61.    Plaintiff seeks to maintain the second cause of action as an "opt-in" collective action pursuant to 29 U.S. 216(b) as to claims for overtime, liquidated damages (or, alternatively, interest) and attorneys' fees under the FLSA.  In addition to Plaintiff, numerous other current and former hourly, non-exempt employees of Defendant were not paid all the overtime they are owed.  Plaintiff is a representative of those other current and former employees and is acting on behalf of their interests as well as her own in bringing this action.  These similarly situated employees are known to Defendants, are readily identifiable, and may be located through Defendants' records.  These similarly situated employees may be readily notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees under the FLSA.

## CLASS ACTION ALLEGATIONS

62.    Plaintiff seeks to maintain this action as a class action as to the First through Seventh Causes of Action.  Plaintiff brings this action, on behalf of herself and all others similarly situated, as a class action pursuant to Federal Rule of Civil Procedure section 23 and Code of Civil Procedure 382. The putative classes which Plaintiff seeks to represent consist of the following:

      a.    All current and former non-exempt California employees of UHSJ between January 11, 2019 and the date of trial (the "Non-Exempt Class");

      b.    All current and former non-exempt California employees of UHSJ who worked more than 40 hours in a workweek during one or more workweeks that he/she also earned shift differentials, non-discretionary bonuses, commissions, or other remuneration between January 11, 2020 through the date of trial (the "FLSA Overtime Class");

      c.    All current and former non-exempt California employees of UHSJ who worked who worked overtime (as defined in Labor Code section 510) during one or

more workweeks that he/she also earned shift differentials, non-discretionary bonuses, commissions, or other remuneration between January 11, 2019 through the date of trial (the "California Overtime Class");

d.    All current and former non-exempt California employees of UHSJ who were eligible for and used paid sick leave during a workweek when he/she also earned shift differentials, non-discretionary bonuses, commissions, or other remuneration between January 11, 2019 through the date of trial (the "Sick Pay Class");

e.    All members of the Non-Exempt Class who worked one or more shift of longer than five hours from January 11, 2020 through the date of trial (the "Meal Break Sub-Class");

f.    All members of the Non-Exempt Class, the FLSA Overtime Class, the California Overtime Class, the Sick Pay Class, or the Meal Break Sub-Class who separated from employment at any time between January 11, 2020 and the through the date of trial (the "Former Employee Sub-Class");

g.    All members of the Non-Exempt Wage Class, the FLSA Overtime Class, the California Overtime Class, the Sick Pay Class, or the Meal Break Sub-Class who received one or more wage statements between January 11, 2022 through the date of trial (the "California Wage Statement Class").

The Non-Exempt Class, FLSA Overtime Class, California Overtime Class, Sick Pay Class, Meal Break Sub-Class, Former Employee Sub-Class, and the California Wage Statement Class are collectively referred to as the Class.

63.    The class of persons is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action is a benefit to the parties and to the Court. Plaintiff is informed and believes, and based thereon alleges, that Defendants employ more than 500 employees who satisfy the class definition. Although the exact number and identity of class members is not presently known, they can be identified in Defendants' records through coordinated discovery pursuant to this class action.

64.    This action may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because the questions of law and fact which are common to class members

clearly predominate over any questions affecting only individual members and because a class action is superior to other available methods for adjudicating the controversy.

65.    There are numerous common questions of law and fact arising out of Defendants' conduct.  This class action focuses on Defendants' systematic: (a) failure to pay their non-exempt employees for all hours worked due to application of a uniform rounding policy, (b) failure to pay their non-exempt employees for all overtime worked, (c) failure to properly calculate and pay overtime to their non-exempt employees, (d) failure to properly calculate and pay their non-exempt California employees for sick pay; (e) failure to authorize and permit meal breaks or to pay the premiums associated with the same; (f) failure to provide accurate itemized wage statements; and (g) failure to timely pay all wages due and owing.

66.    Furthermore, common questions of fact and law predominate over any questions affecting only individual members of the class.  The predominating common or class-wide questions of law and fact include the following:

a.    Whether Defendants impermissibly round their employees' time;

b.    Whether Defendants' uniform rounding policy is compliant with applicable California law;

c.     Whether Defendants fail to pay their non-exempt employees for every hour worked;

d.    Whether Defendants fail to pay all overtime wages owed to their non-exempt employees;

e.    Whether Defendants fail to properly calculate and pay their non-exempt employees' overtime;

f.    Whether "bonus" earnings and other types of remuneration paid are within the scope of remuneration required to be included in the regular rate of pay;

g.    Whether Defendants fail to properly calculate and pay their non-exempt California employees' sick pay;

h.    Whether Defendants failed to provide compliant meal breaks to their non-exempt California employees;

i.    Whether Defendants failed to pay premiums to their non-exempt California employees as a result of non-compliant meal breaks;

j.    Whether the wage statements Defendants furnished to their non-exempt California employees comply with Labor Code section 226, subdivisions (a)(1), (2), (5), and (9);

k.    Whether the alleged violations constitute unfair business practices;

l.    Whether the Class is entitled to injunctive relief; and

m.    Whether the Class is entitled to unpaid wages, statutory penalties and/or restitutionary relief, and the amount of the same.

67.    Plaintiff's claims are typical of the claims of the members of the Class as a whole, all of whom have sustained and/or will sustain damage and injury as a proximate and/or legal result of the alleged violations of Defendants.  Plaintiff's claims are typical of those of the Class because Defendants subjected Plaintiff and each member of the Class to the same violations alleged herein.

68.    The defenses of Defendants, to the extent that such defenses apply, are applicable generally to the whole Class and are not distinguishable as to the proposed class members.

69.    Plaintiff will fairly and adequately protect the interests of all members of the Class, and has retained attorneys with extensive experience in litigation, including class and representative actions.  Plaintiff has no interests that conflict with those of the Class.  Plaintiff is able to fairly and adequately protect the interests of all members of the class because it is in her best interest to prosecute the claims alleged herein in order to obtain the full compensation due themselves and the other class members.

70.    A class action is superior to any other method available for fairly and efficiently adjudicating the controversy because 1) joinder of individual class members is not practicable, 2) litigating the claims of individual class members would be unnecessarily costly and burdensome and would deter individual claims, 3) litigating the claims of individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants, 4) class members still working for Defendants may be fearful of retaliation if they were to bring individual claims, 5) class members would be discouraged from pursuing individual claims

because the damages available to them are relatively small, and 6) public policy encourages the use of the class actions to enforce employment laws and protect individuals who, by virtue of their subordinate position, are particularly vulnerable.

71.     Judicial economy will be served by maintenance of this lawsuit as a class action.  To process numerous virtually identical individual cases will significantly increase the expense on the Court, the class members, and Defendants, all while unnecessarily delaying the resolution of this matter.  There are no obstacles to effective and efficient management of this lawsuit as a class action by this Court and doing so will provide multiple benefits to the litigating parties including, but not limited to, efficiency, economy, and uniform adjudication with consistent results.

72.     Notice of a certified class action and any result or resolution of the litigation can be provided to class members by mail, email, publication, or such other methods of notice as deemed appropriate by the Court.

**FIRST CAUSE OF ACTION**
**VIOLATION OF**
**CALIFORNIA LABOR CODE § 1182 et seq.**
**(Failure to Pay Minimum Wage)**
**Against Defendants**

73.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

74.     California Labor Code section 1182.12 establishes the minimum wage for California employees from July 1, 2014, to present.

75.     Labor Code Section 1194 provides, in relevant part that "[n]otwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage ... applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage ... including interest thereon, reasonable attorney's fees, and costs of suit."

76.     Labor Code section 1194.2 provides that "[i]n any action under ... Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the

/ / /

commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

77.    Labor Code section 1197 provides that the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a lesser wage is unlawful.

78.    Labor Code section 1197.1 further provides that any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order shall be subject to restitution of wages and liquidated damages payable to the employee.

79.    Pursuant to California Labor Code section 1198, the maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees and the employment of any employee for longer hours than those fixed by the commission or under conditions of labor prohibited by the order is unlawful.

80.    During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and their other California non-exempt employees at least minimum wage for all time worked.

81.    Wherefore, Plaintiff and the other members of the Non-Exempt Class have been injured as set forth above and request relief as hereafter provided.

**SECOND CAUSE OF ACTION**
**VIOLATION OF FAIR LABOR STANDARDS ACT AND**
**CALIFORNIA LABOR CODE §§ 510 & 1198**
**(Failure to Pay Overtime)**
**Against Defendants**

82.    Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

83.    The Fair Labor Standards Act, 29 USC §§ 201 et seq. and 29 CFR §§ 778 et seq., requires time-and-a-half pay for the time an employee works over forty hours a week.  Overtime worked must be compensated at the rate of time-and-a-half of the employee's "regular rate of pay", including "all remuneration", as defined in 29 U.S.C. § 207(e).

84.     Pursuant to California Labor Code section 510, any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

85.     The regular rate of pay is defined the same under California and federal law.

86.     Pursuant to California Labor Code section 1198, the maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees and the employment of any employee for longer hours than those fixed by the commission or under conditions of labor prohibited by the order is unlawful.

87.     During the relevant time period, Plaintiff and Defendants' other California non-exempt employees regularly worked overtime, both under California and federal law.

88.     During the relevant time period, Defendants intentionally and willfully failed to pay all overtime wages due to Plaintiff and their other California non-exempt employees.

89.     These failures to pay overtime wages occurred as a result of Defendants' application of its rounding policy that did not compensate employees for all time worked, even though it was both monitored and recorded.

90.     Defendants also failed to properly compensate for overtime work performed because they did not include "all remuneration" when calculating the rate and, instead, employed an unlawful policy, practice, and procedure of compensating for overtime work only at 1 ½ or 2 times the employee's base hourly rate.

91.     Wherefore, Plaintiff and the other members of the FLSA Overtime Class and California Overtime Class have been injured as set forth above and request relief as hereafter provided.

/ / /

/ / /

/ / /

### THIRD CAUSE OF ACTION
### VIOLATION OF LABOR CODE §§ 226.7, 512 and IWC WAGE ORDERS
### (Failure to Provide Compliant Meal Breaks)
### Against Defendants

92.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

93.     Labor Code § 226.7 requires employers to provide employees meal breaks as mandated by Order of the Industrial Welfare Commission.  It states:

a.     No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

b.     If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee 1 additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided

94.     Labor Code § 512(a) and the applicable Wage Order(s) provide that an employer may not employ a person for a work period of more than 5 hours per day without providing that employee a meal period of not less than 30 minutes, except that if the total work period per day is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.  An employer may not employ a person for a work period of more than 10 hours per day without providing an employee with a second meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than twelve 12 hours, the meal period may be waived by mutual consent of both the employer and the employee, and if the first meal period was not waived.

95.     During the relevant time period, Plaintiff and the other members of the Meal Break Sub-Class were not provided with compliant meal breaks, nor did they receive an additional hour of premium pay for each missed meal break at the required regular rate of compensation.

96.     Wherefore, Plaintiff and the other members of the Non-Exempt Class and the Meal Break Sub-Class have been injured as set forth above and request relief as hereafter provided.

/ / /

### FOURTH CAUSE OF ACTION
### VIOLATION OF LABOR CODE SECTION 200 ET SEQ.
#### (Failure to Pay Wages Upon Cessation of Employment)
#### Against All Defendants

97.    Flores hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

98.    Labor Code section 201 requires an employer, when discharging an employee, to immediately pay the wages earned and unpaid at the time of discharge.  Labor Code section 202 mandates that employers provide all wages within seventy-two (72) hours of an employee voluntarily leaving employment unless the employee provides more than seventy-two (72) hours' notice.

99.    During the relevant time, Defendants unlawfully withheld minimum and overtime wages as a result of their uniform policy, pattern, and practice of rounding employee's time worked and thereby not compensating them for all time actually spent working.

100.    During the relevant time, Defendants unlawfully withheld overtime wages as a result of their uniform policy, pattern, and practice of failing to calculate overtime based on the "regular rate of pay", including failing to include shift differentials, bonuses, and other remuneration when determining the overtime pay rate.

101.    During the relevant time, Defendants unlawfully withheld sick pay wages as a result of their uniform policy, pattern, and practice of failing to pay sick pay at the "regular rate of pay"; including failing to include shift differentials, bonuses, and other remuneration when determining the sick pay rate.

102.    During the relevant time, Defendants unlawfully withheld meal and rest premium wages as a result of their uniform policy, pattern, and practice of failing to provide the opportunity for compliant meal and rest periods and failing to pay the additional hour of premium pay when such were not furnished, and also by failing to pay premiums at the "regular rate of compensation" on the rate occasions when such were provided.

/ / /

103.    Since Defendants failed to pay Plaintiff and other members of the Non-Exempt Class, FLSA Overtime Class, California Overtime Class, Meal Break Sub-Class, Rest Break Sub-Class, and Sick Pay Sub-Class all wages due and owing during their employment, there were necessarily additional wages outstanding at the time of separation—those wages remain outstanding.

104.    Labor Code section 203(a) provides a statutory penalty of up to 30 days wages.

105.    As a direct and proximate result of Defendants' misconduct, Plaintiff and the Non-Exempt Class, FLSA Overtime Class, California Overtime Class, Meal Break Sub-Class, Rest Break Sub-Class, and Sick Pay Sub-Class have been denied wages and benefits.

106.    Wherefore, Plaintiff and the Former Employee Sub-Class have been damaged as set forth above and request relief as hereafter provided.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE § 226(a)**
**(Failure to Furnish Accurate Itemized Wage Statements)**
**Against Defendants**

107.    Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

108.    Pursuant to California Labor Code section 226(a) "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when the wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee [. . .], (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number, (8) the name and address of the legal entity that is the employer [. . .], (9) all applicable hourly rates in effect during the pay period and corresponding number of hours worked at

/ / /

each hourly rate by the employee and, if the employer is a temporary services employer [. . .], the rate of pay and the total hours worked for each temporary services assignment."

109.    An employee suffering injury as a result of the knowing and intentional failure by an employer to comply with Labor Code section 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed the aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.  Labor Code § 226(e)(1).

110.    An employee is deemed to suffer injury if the employer fails to provide a wage statement or if the employer fails to provide accurate and complete information as required by any one or more of the items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone, i) the amount of gross/net wages paid to the employee during the pay period or any of the other information required to be provided pursuant to Labor Code section 226(a) items (2) to (4), inclusive, (6) and (9), ii) deductions made by the employer, iii) the name and address of the employer and iv) the name of the employee and the last four digits of his or her social security number or employee identification number.  Labor Code § 226(e)(2)(A) and (B)(i)-(iv).  "Promptly and easily determine" means a reasonable person would be able to readily ascertain the information without reference to other documents or information.  Labor Code § 226(e)(2)(C).

111.    As set forth above, Defendants intentionally and willfully failed to furnish accurate itemized wage statements which complied with Labor Code section 226.

112.    Wherefore, Plaintiffs, the other members of the California Wage Statement Class have been injured as set forth above and request relief as hereafter provided.

### SIXTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 *ET SEQ.*
### (Unfair Business Practices)
### Against Defendants

113.    Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

114.    The statutory violations, as alleged above, are unfair business practices within the meaning of the Unfair Competition Law (Business and Professions Code sections 17200 *et seq*), and include, but are not limited to failing to employees for all hours worked, failing to pay for all overtime hours worked, failing to properly calculate and pay all overtime wages and sick pay due, and failing to provide compliant meal and rest breaks and associated premiums.

115.    These violations resulted in actual injury to Plaintiff and the other members of the Class in the form of wages that were improperly withheld and retained by Defendants.

116.    If injunctive relief is not afforded, members of the Class will continue to be injured by UHSJ's unlawful and unfair conduct.

117.    There is a reasonable possibility that Plaintiff would like to return to employment with UHSJ and thus be further exposed to its unfair and unlawful conduct in the future if injunctive relief is not afforded.

118.    Plaintiff and the Class do not have any adequate remedy at law for these violations because injunctive relief is not an available legal remedy.

119.    Plaintiff and the Class further do not have any adequate remedy at law for the failures to properly calculate and pay sick leave wages as there is no private right of action to recover such unpaid wages.

120.    Wherefore, Plaintiff and the other members of the Non-Exempt Class, FLSA Overtime Class, California Overtime Class, Meal Break Sub-Class, and Sick Pay Sub-Class have been damaged as set forth above and request relief as hereafter provided.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

**As to the First through Sixth Causes of Action:**

1.    That this Court certify the Classes;

2.    That this Court appoint Plaintiff as the representative of the Classes;

3.    That this Court appoint Mayall Hurley, P.C. as Class Counsel;

4.    That this Court award actual, compensatory, special, and general damages as well as restitutionary relief to Plaintiff and the members of the Class;

5. That this Court award injunctive relief, including that available under 29 U.S.C. § 217, Labor Code §§ 226(h) and 248.5(e), and Business and Professions Code § 17203;

6. That this Court award penalties and liquidated damages including, but not limited to, those available under 29 U.S.C. 216(b) and Labor Code §§ 203, 226, 226.7, 512 and 1194.2;

7. That this Court award statutory attorneys' fees and costs, including those available under 29 U.S.C. § 216(b), Labor Code §§ 218.5, 226(e)(1), 226(h), 248.5(e), and 1194, as well as Code of Civil Procedure § 1021.5;

8. That this Court award prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and

9. That this Court award such other and further relief as the court deems just and proper.

**DATED:** January 11, 2023                          **MAYALL HURLEY P.C.**

By_____
JENNY D. BAYSINGER
Attorneys for Plaintiff and the Putative Class

# EXHIBIT 1

**Payroll Register**

United Health Centers of San Joaquin  (B5333)

Check Dates: 02/22/2013 to 12/09/2022

Processes: 2013022201 - 2022120901

Pay Periods:  03/31/2012 to 11/30/2022

Page 49 of 51

| Mitchell, Crystal | | Code | Hours | Rate | Amount | Code | Status | Taxable | Amount | Code | Amount | Vchr | 149984 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Emp Id | 4619 | REG | 87.75 | 24.93 | 2,187.61 | FITW | S-5 | 2,341.48 | 143.17 | 401KM | 131.35 | Type | Regular |
| Rate | 27.26 | OT | 11.75 | 37.40 | 439.39 | MED | | 2,472.83 | 35.86 | FSA | 79.17 | Chk Date | 7/8/2022 |
| Freq | S | 401ER | | | 131.35 | SS | | 2,472.83 | 153.32 | LIFE2 | 15.30 | Net | 1,874.48 |
| | | | | | | CA | H-3 | 2,341.48 | 18.59 | MDCL | 75.00 | Dir Dep | 1,874.48 |
| | | | | | | CASDI-E | | 2,341.48 | 25.76 | XFUND | 75.00 | | |
| | | Totals | 99.50 | | 2,627.00 | Totals | | | 376.70 | Totals | 375.82 | | |

| Mitchell, Crystal | | Code | Hours | Rate | Amount | Code | Status | Taxable | Amount | Code | Amount | Vchr | 150893 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Emp Id | 4619 | REG | 78.75 | 26.54 | 2,090.03 | FITW | S-5 | 2,527.87 | 165.53 | 401KM | 141.16 | Type | Regular |
| Rate | 27.26 | OT | 12.25 | 39.81 | 487.67 | MED | | 2,669.03 | 38.70 | FSA | 79.17 | Chk Date | 7/25/2022 |
| Freq | S | 401ER | | | 141.16 | SS | | 2,669.03 | 165.48 | LIFE2 | 15.30 | Net | 2,013.26 |
| | | HOL | 8.00 | 26.54 | 212.32 | CA | H-3 | 2,527.87 | 26.79 | MDCL | 75.00 | Dir Dep | 2,013.26 |
| | | PTO | 1.25 | 26.54 | 33.18 | CASDI-E | | 2,527.87 | 27.81 | XFUND | 75.00 | | |
| | | Totals | 100.25 | | 2,823.20 | Totals | | | 424.31 | Totals | 385.63 | | |

| Mitchell, Crystal | | Code | Hours | Rate | Amount | Code | Status | Taxable | Amount | Code | Amount | Vchr | 151749 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Emp Id | 4619 | REG | | | 76.80 | FITW | S-5 | 2,223.79 | 129.04 | 401KM | 125.16 | Type | Regular |
| Rate | 27.26 | REG | 80.00 | 27.26 | 2,180.96 | MED | | 2,348.95 | 34.06 | FSA | 79.17 | Chk Date | 8/10/2022 |
| Freq | S | OT | 6.00 | 40.89 | 245.36 | SS | | 2,348.95 | 145.63 | LIFE2 | 15.30 | Net | 1,786.47 |
| | | 401ER | | | 125.16 | CA | H-3 | 2,223.79 | 13.83 | MDCL | 75.00 | Dir Dep | 1,786.47 |
| | | | | | | CASDI-E | | 2,223.79 | 24.46 | XFUND | 75.00 | | |
| | | Totals | 86.00 | | 2,503.12 | Totals | | | 347.02 | Totals | 369.63 | | |

| Mitchell, Crystal | | Code | Hours | Rate | Amount | Code | Status | Taxable | Amount | Code | Amount | Vchr | 152302 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Emp Id | 4619 | BONUS | | | 644.61 | FITW | S-5 | 644.61 | | | | Type | Regular |
| Rate | 27.26 | | | | | MED | | 644.61 | 9.35 | | | Chk Date | 8/10/2022 |
| Freq | S | | | | | SS | | 644.61 | 39.97 | | | Net | 588.20 |
| | | | | | | CA | H-3 | 644.61 | | | | Dir Dep | 588.20 |
| | | | | | | CASDI-E | | 644.61 | 7.09 | | | | |
| | | Totals | | | 644.61 | Totals | | | 56.41 | Totals | | | |

| Mitchell, Crystal | | Code | Hours | Rate | Amount | Code | Status | Taxable | Amount | Code | Amount | Vchr | 153167 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Emp Id | 4619 | REG | 80.00 | 27.26 | 2,180.96 | FITW | S-5 | 2,163.78 | 121.84 | 401KM | 122.00 | Type | Regular |
| Rate | 27.26 | OT | 1.00 | 40.89 | 40.89 | MED | | 2,285.78 | 33.14 | FSA | 79.17 | Chk Date | 8/25/2022 |
| Freq | S | 401ER | | | 122.00 | SS | | 2,285.78 | 141.72 | LIFE2 | 15.30 | Net | 1,740.47 |
| | | PTOU | 8.00 | 27.26 | 218.10 | CA | H-3 | 2,163.78 | 12.51 | MDCL | 75.00 | Dir Dep | 1,740.47 |
| | | | | | | CASDI-E | | 2,163.78 | 23.80 | XFUND | 75.00 | | |
| | | Totals | 89.00 | | 2,439.95 | Totals | | | 333.01 | Totals | 366.47 | | |

