**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CRYSTAL MITCHELL,** | **CASE NO. 1:23-CV-00060 JLT EPG** |
| Plaintiff, | |
| v. | |
| | **CLASS ACTION SCHEDULING CONFERENCE ORDER** |
| **UNITED HEALTH CENTERS OF SAN JOAQUIN VALLEY, A CALIFORNIA CORPORATION**, | |
| Defendant. | |

This Court conducted a scheduling conference on April 18, 2023. Counsel Jenny Baysinger appeared telephonically on behalf of the Plaintiff. Counsel Russell Ryan appeared telephonically on behalf of the Defendant. Pursuant to Fed. R. Civ. P. 16(b), this Court sets a schedule for this action.

The Court opened discovery on class certification and the merits of the case. As discussed on the record, it is the Court's expectation that the parties will take non-expert discovery on the merits of plaintiff's claims, as well discovery in connection with class certification, with a deadline of **January 26, 2024**. Additionally, the parties may take further discovery if they agree. Further scheduling expanding the scope of discovery will, if necessary, be issued following class certification.

## I.     CONSENT TO MAGISTRATE JUDGE

The parties are reminded of the availability of United States Magistrate Judge Erica P. Grosjean to conduct all proceedings in this action. A United States Magistrate Judge is available to conduct trials, including entry of final judgment, pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305. The same jury pool is used by both United States Magistrate Judges and United States District Court Judges. Any appeal from a judgment entered by a United States Magistrate Judge is taken directly to the United States Court of Appeal for the Ninth Circuit. However, the parties are hereby informed that no substantive rulings or decisions will be affected by whether a party chooses to consent.

## II.    CLASS CERTIFICATION EXPERT WITNESS DISCLOSURES

The Court set **February 15, 2024**, as the deadline for expert witness disclosures regarding class certification, **March 15, 2024**, as the deadline for rebuttal expert witness disclosures regarding class certification, and **April 12, 2024**, as the deadline for expert discovery regarding class certification.

All expert witness disclosures must **be made pursuant to Fed. R. Civ. P. 26(a)(2)(A), (B) and (C), and shall include all information required thereunder**. In addition, Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 26(e) specifically apply to discovery relating to expert witnesses and their opinions. Each expert witness must be fully prepared to be examined on all subjects and opinions included in the disclosures. Failure to comply with these requirements will result in the imposition of appropriate sanctions, including the preclusion of the expert's testimony, or of other evidence offered through the expert.

///

### III. CLASS CERTIFICATION MOTIONS

The following deadlines is set with regard to the filing of class certification motions:

Motion for Class Certification: **April 17, 2024**

The hearing on any motion for class certification, to be heard by Magistrate Judge Erica P. Grosjean in Courtroom 10, has not been set at this time.

The Court will set additional deadlines regarding class merits discovery and trial dates, if necessary, after a ruling on any motion for class certification.

### IV. STATUS CONFERENCE

A Mid-Discovery Status Conference will be held on **October 16, 2023, at 10:30 a.m.** in Courtroom 10 before Magistrate Judge Erica P. Grosjean. At least (7) days prior to the conference, the parties are directed to file a joint report, of up to five (5) pages, outlining the status of the case, any additional discovery still planned, potential for settlement, and any other issues pending that would benefit from the Court's assistance/direction. If the parties are appearing telephonically, each party shall dial 1 (888) 251-2909 and enter access code 1024453. Alternatively, the parties and counsel may appear in person. If one or more parties wish to appear in person, they shall email Michelle Rooney, Courtroom Deputy Clerk, at mrooney@caed.uscourts.gov **at least 24 hours before the proceeding** so that a notation can be placed on the Court's calendar.

### V. PRETRIAL MOTION SCHEDULE

#### A. *General Information Regarding Filing Motions*

The parties are advised that unless prior leave of the Court is obtained before the filing deadline,[1] *all* moving and opposition briefs or legal memoranda, including joint statements of discovery disputes, filed in civil cases before Magistrate Judge Grosjean, shall not exceed twenty-five (25) pages. Reply briefs by the moving party shall not exceed ten (10) pages. These page limits do not include exhibits. When scheduling motions (other than discovery motions) the parties shall comply with Local Rule 230.

Unless otherwise directed, the parties are permitted to appear telephonically to argue motions and may do so by dialing 1-888-251-2909 and entering access code 1024453. Alternatively, the parties and counsel may appear in person. If one or more parties wish to appear in person, they shall email Michelle Rooney, Courtroom Deputy Clerk, at

---

[1] Parties may seek leave through a telephonic conference among all parties and the Court, or by short motion.

mrooney@caed.uscourts.gov **at least 24 hours before the proceeding** so that a notation can be placed on the Court's calendar.

### 1. *Informal Discovery Conference*

In order to file a motion involving a discovery dispute, *see* Fed. R. Civ. P. 26 through 37 and 45,[2] a party must receive permission from the Court following an informal telephonic discovery dispute conference. However, non-parties challenging a subpoena under Fed. R. Civ. P. 45 are not required to request an informal conference before filing a motion. A party wishing to schedule such a conference should contact chambers to receive available dates. The Court will schedule the conference as soon as possible, taking into consideration the urgency of the issue.

Prior to the conference, the parties shall simultaneously file an Informal Discovery Dispute Letter Brief, outlining their positions regarding the dispute. Such briefs shall be no longer than three pages single-spaced, and may include up to five pages of exhibits. The Court will provide the date and time the Letter Briefs are due at the time the conference is scheduled.

At the time of conference, the parties shall dial 1 (888) 251-2909 and enter access code 1024453. The Court will not issue a formal ruling at that time. Nevertheless, the Court will attempt to provide guidance to the parties to narrow or dispose of the dispute. If no resolution can be reached without formal motion practice, the Court will authorize the filing of a formal discovery motion.

### 2. *Discovery Motions*

If a discovery motion, *see* Fed. R. Civ. P. 26 through 37 and 45, is brought after receiving permission from the Court, the parties must prepare and file a Joint Statement re: Discovery Disagreement ("Joint Statement") as required by Local Rule 251.[3] In scheduling such motions, Magistrate Judge Grosjean may grant applications for an order shortening time pursuant to Local Rule 144(e). Motions to shorten time will *only* be granted upon a showing of good cause. If a party does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

A Joint Statement not to exceed twenty-five (25) pages must be filed seven (7) calendar days before the scheduled hearing date. Prior to the filing of the Joint Statement, the parties must meet and confer as set forth in Local Rule 251(b). Courtesy copies for any pleading in excess of

---

[2] The Court construes "discovery dispute" broadly, which includes, but is not limited to, disputes regarding written discovery, oral depositions, physical and mental examinations, and protective orders.
[3] Certain limited exceptions from filing the required Joint Statement are outlined in Local Rule 251(e).

twenty-five pages (25) (including exhibits) shall also be delivered to chambers via US mail, or hand delivery, at the time the Joint Statement is electronically filed. Motions may be removed from the Court's calendar if the Joint Statement is not timely filed, or if courtesy copies are not timely delivered.

### VI. COMPLIANCE WITH FEDERAL PROCEDURES

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California and to keep abreast of any amendments thereto. The Court requires strict compliance with these rules. Sanctions will be imposed for failure to follow the rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.

### VII. EFFECT OF THIS ORDER

This order represents the Court and the parties' best estimated schedule to complete this case. Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s).

***The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause, even if a stipulation to modify is filed.*** Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations with attached exhibits, where appropriate, that establish good cause for granting the requested relief. Due to the impacted nature of the civil case docket, this Court disfavors requests to modify established dates.

Failure to comply with this order shall result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:  **May 1, 2023**                    /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE