1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11

CRYSTAL MITCHELL, *individually and on behalf od all others similarly situated*,

12

13

Plaintiff,

14

v.

15

UNITED HEALTH CARE CENTERS OF THE SAN JOAQUIN VALLEY,

16

17

Defendants.

Case No. 1:23-cv-00060-JLT-EPG

ORDER APPROVING, IN PART, PROPOSED STIPULATED PROTECTIVE ORDER

(ECF No. 32).

18

19

20

21

22

23

24

25

26

27

28

        This matter is before the Court on the parties' proposed stipulated protective order. (ECF No. 32). Upon review, the Court finds it acceptable in most respects. However, the Court notes that the parties define the term "confidential information or items" as follows: "information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under California Law." (ECF No. 32, p. 2). As the Court previously advised the parties, "such a catchall description is not sufficient 'in general terms [] to reveal the nature of the information' under LR 141.1(c)(1)." (ECF No. 31, p. 2).

        However, the parties also reference specific categories of information, *e.g.*, trade secrets, confidential information and/or proprietary information related to the Bonus Program Policies and Incentive Programs created by Defendant and the wage information of Defendant's non-party

employees in a section titled "Description of Information and Need." (ECF No. 32, p. 4). Accordingly, the Court will limit the parties' definition of confidential information to those categories specifically identified in this section.

Additionally, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). Thus, to the extent that the protective order conflicts with the Court's established practices or Rules, *e.g.*, such as by allowing the parties to bypass the Court's informal discovery-dispute-resolution process, the Court's established practices or Rules will govern. (*See* ECF No. 21, p. 4 (noting procedures regarding informal discovery conferences and discovery motions); the Court's Standard Procedures (same), available on the Court's website).

Accordingly, IT IS ORDERED that the parties' stipulated protective order (ECF No. 32) is approved, in part, as revised above.

IT IS SO ORDERED.

Dated:   **December 21, 2023**                   /s/ *Erica P. Grosjean*
                                        UNITED STATES MAGISTRATE JUDGE