UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL MITCHELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED HEALTH CENTERS OF THE SAN JOAQUIN VALLEY, a California corporation; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 1:23-cv-00060-JLT-EPG<br><br>ORDER DENYING MOTION TO STAY OR DISMISS THE FIFTH AND SIXTH CAUSES OF ACTION PURSUANT TO THE *COLORADO RIVER* DOCTRINE<br><br>(Doc. 9) |

### I. BACKGROUND

On January 11, 2023, Crystal Mitchell filed this putative class and collective action, advancing numerous wage and hour claims under state and federal law against her former employer United Health Centers of the San Joaquin Valley. (Doc. 1.) The original complaint was relatively broad in scope, alleging that Defendant failed to pay its employees for all hours worked and/or related overtime because Defendant utilized an impermissible rounding policy for timekeeping; failed to permit employees to take requisite meal breaks and relatedly failed to pay premiums when those breaks were not provided; failed to include commissions, non-discretionary bonuses and other compensation when determining an employee's rate of pay for purposes of overtime, sick pay, and meal break premiums; failed to provide accurate wage statements and/or

1

1  timely pay wages upon cessation of employment in light of the foregoing; and engaged in unfair
2  business practices in violation of California Business and Professions Code §§ 17200 *et seq*.
3  (Section 17200) (Doc. 1, ¶¶ 10–56.) Though most of these allegations were advanced only as
4  state law claims, the original complaint included a Fair Labor Standards Act (FLSA), 29 U.S.C.
5  §§ 201, claim for failure to pay overtime. (*Id*., ¶¶ 82–91.)

6  On March 3, 2023, after Defense counsel informed Plaintiff's counsel that several similar
7  class action lawsuits were pending in state court (*see* Doc. 22 at 2; Doc. 23), Plaintiff filed a first
8  amended complaint (FAC). (Doc. 6, ¶¶ 112–21.) Plaintiff re-asserted the following claims on an
9  individual basis: (1) failure to pay minimum wage; (2) failure to pay overtime, including the
10 related allegation that Defendants failed to properly calculate the overtime rate; (3) failure to
11 provide required meal breaks or meal break premiums; and (4) failure to provide accurate wage
12 statements. (*Id*., ¶74–103.) Plaintiff's fifth and sixth causes of action now advance narrowed class
13 claims that focus only on Defendant's alleged failure to pay unlawfully withheld sick pay wages,
14 eliminating all other class claims. (*Id*., ¶¶ 104–121.)

15 Defendant has moved to stay and/or dismiss only the fifth and sixth causes of action
16 pursuant *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 917 (1976).
17 (Doc. 10.) Plaintiff timely opposed the motion, (Doc. 20). and Defendant replied (Doc. 22). The
18 matter was taken under submission on the papers. (Doc. 24.) For the reasons set forth below, the
19 motion is **DENIED**.

## II.  ANALYSIS

21 The Ninth Circuit has clearly articulated how to apply the *Colorado River Doctrine*. In
22 *United States v. State Water Res. Control Bd*., 988 F.3d 1194, 1206 (9th Cir. 2021), the Court
23 explained:

> Pursuant to *Colorado River*, in rare cases, "there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts." *Colo. River*, 424 U.S. at 817. In the interest of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," a district court can dismiss or stay[] "a federal suit due to the presence of a concurrent state proceeding." *Id.* at 817–18.

> Because of "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given [to] them," *id*. at 817, "[o]nly the clearest of justifications will warrant [a] dismissal" or stay, *id*. at 819. The instances in which a court can stay an action pursuant to *Colorado River* "are considerably more limited than the circumstances appropriate for abstention. The former circumstances, though exceptional, do nevertheless exist." *Id*. at 818.
>
> The court's "task in [such] cases . . . is not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." [*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 25 (1983).] "If there is any substantial doubt as to" whether "the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties . . . it would be a serious abuse of discretion to grant the stay or dismissal at all." *Id*. at 28.
>
> Building on Supreme Court precedent, we have listed eight factors to be considered in determining whether a *Colorado River* stay is appropriate:
>
>> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.
>
> [*R.R. St. & Co. Inc. v. Transp. Ins. Co*., 656 F.3d 966, 978-79 (9th Cir. 2011)] (citation omitted).
>
> The factors are not a "mechanical checklist." *Moses H. Cone*, 460 U.S. at 16. We apply the factors "in a pragmatic, flexible manner with a view to the realities of the case at hand." *Id*. at 21. "The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Id*. at 16. "Some factors may not apply in some cases," *Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1166 (9th Cir. 2017), *as amended on denial of reh'g and reh'g en banc* (Oct. 18, 2017), and, in some cases, a single factor may decide whether a stay is permissible, *see, e.g., Intel Corp. v. Advanced Micro Devices, Inc*., 12 F.3d 908, 913 (9th Cir. 1993); *Moses H. Cone*, 460 U.S. at 19 ("[T]he consideration that was paramount in *Colorado River* itself [was] the danger of piecemeal litigation.").

*State Water*, 988 F.3d at 1202–03 (emphases in original) (internal footnote omitted).

In *State Water*, the eighth factor—"whether the state court proceedings will resolve all

1  issues before the federal court,"—controlled the outcome. *Id*. at 1203. This factor "asks about the

2  similarity between the state and federal suits." *Id*.

> "Though exact parallelism . . . is not required, substantial similarity of claims is necessary before abstention is available." [*Seneca Ins. Co., Inc. v. Strange Land, Inc*., 862 F.3d 835, 845 (9th Cir. 2017)] (citation and internal quotation marks omitted). This factor "is more relevant when it counsels against abstention, because while . . . insufficient parallelism may preclude abstention, the alternatives never compel abstention." *Id*. "[T]he existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay." *Intel Corp*., 12 F.3d at 913. Such doubt is "a significant countervailing consideration that" can be "dispositive." *Id*. Additionally, this factor should be addressed "as a preliminary matter." *R.R. St*., 656 F.3d at 979 n.9 (citation omitted).

*State Water*, 988 F.3d at 1203.

In *State Water*, three of the four claims in the federal suit were "identical" to the claims in the state action, but the fourth was a federal cause of action that had not been alleged in any of the other, parallel state proceedings. *See id*. at 1204. The Ninth Circuit held that a partial stay of the federal action as to the state claims was inappropriate because "a *Colorado River* stay should be implemented only when the state proceeding *will resolve all of the parties' claims*." *Id*. at 1205 (internal citation and quotation omitted) (emphasis added). Putting it another way, the Ninth Circuit held that "[a] partial stay does not further the basic purpose of the *Colorado River* doctrine," which "exists for the 'conservation of judicial resources.'" *Id*. (quoting *Colo. River*, 424 U.S. at 817.). The Ninth Circuit went on:

> "We require a parallel suit to ensure 'comprehensive disposition of litigation.' Otherwise, a stay or dismissal will neither conserve judicial resources nor prevent duplicative litigation." *R.R. St*., 656 F.3d at 982 (quoting *Colo. River*, 424 U.S. at 817). A partial stay might conserve some resources, in that the district court would not have to adjudicate some of the issues. However, even with a partial stay, a district court would have to resolve a case. The district court still has to decide procedural and administrative issues. In contrast, when a full stay is issued pursuant to *Colorado River*, all activity in a case ceases. The district court has nothing to do unless and until that stay is lifted.

*State Water*, 988 F.3d at 1206.

Defendant does argue, nor could it, that the requested stay will resolve all the claims in this case. Even still, Defendant requests a partial stay that would leave all of Plaintiff's individual

4

claims pending in this Court. Defendant attempts to invoke a possible exception to the prohibition against issuing partial *Colorado River* stays, which the Ninth Circuit took care to circumscribe in *State Water*. Specifically, *State Water* identified "one concern with not allowing partial stays," namely "that if a party adds an additional claim to its federal suit, the party could avoid a *Colorado River* stay." *Id*. (citing *Krieger v. Atheros Commc'ns, Inc.*, 776 F. Supp. 2d 1053, 1060 (N.D. Cal. 2011)). "In other words, a party could get around *Colorado River* and engage in forum shopping simply by adding a new and different claim to the federal suit." *Id*. As the Ninth Circuit explained, the *Colorado River* test takes this into account, as the seventh factor is "the desire to avoid forum shopping." *Id*. (internal quotation and citation omitted). This forum shopping factor "weighs in favor of a stay when the party opposing the stay seeks to avoid adverse rulings made by the state court or to gain a tactical advantage from the application of federal court rules." *Id*. (quotation marks and citation omitted). However, "[i]t typically does not constitute forum shopping where a party acted within his rights in filing a suit in the forum of his choice." *Id*. (quotation marks and citation omitted). Moreover, "[t]here is a strong presumption that the presence of an additional claim in the federal suit means that *Colorado River* is inapplicable." *Id*. Though there might be "rare circumstances in which a district court could properly issue a partial *Colorado River* stay," there would have to be "clear-cut evidence of forum shopping—meaning the party filing the federal suit clearly added a new claim to avoid state court adjudication." *Id*. at 1206–07. "When there is concurrent federal and state court jurisdiction over the additional claim (as opposed to exclusive federal jurisdiction), there is stronger evidence of forum shopping, as the plaintiff in the federal case could have pursued that additional claim in state court." *Id*. at 1207 (footnote omitted).

Defendant's attempts to shoehorn this case into that exception are unpersuasive. First, Plaintiff asserted that before filing this action, Counsel searched within this Court and the Fresno County Superior Court for other pending wage and hour class actions against this Defendant but found none. (Doc. 20 at 6 n.3.) Defendant urges the Court to disbelieve this assertion because Defense counsel found the cases quickly and easily. (Doc. 22 at 2.) But even assuming Plaintiff had full knowledge of the state court actions at the time of filing, Defendant fails to articulate

5

how a deliberate choice by Plaintiff to nonetheless file her lawsuit in this Court constitutes "clear evidence" of *forum shopping*. She included in this case from the very beginning a federal cause of action under the FLSA, which was not included in any of the state cases.[1] Upon learning of the state court action, she took prompt steps to narrow the scope of her class claims to include only claims premised upon the failure to compensate employees properly for sick leave. This conduct is not clearly suggestive of forum shopping. Relatedly, Defendant contends that the sick leave claims asserted here are encompassed within the more broadly worded claims for "all wages" advanced in the state court actions. (Doc. 10 at 12–13.) Though this argument may be relevant in this litigation at some point, it does not suggest forum shopping. Nothing in the record indicates, for example, that any plaintiff in any of the cases filed against Defendant suffered an adverse ruling that Plaintiff is trying to avoid.

Defendant's next argument is essentially a *non sequitur*. Defendant correctly points out that the FAC alleges that this Court has Class Action Fairness Act jurisdiction over the remaining class claim regarding sick pay because at least one member of the putative class resides outside California. (*See id*. at 3; Doc. 6, ¶ 7.) Defendant contends that there is "simply no evidence to support such a claim." (Doc. 22 at 3.) However, a motion to dismiss, rather than this motion to stay pursuant to Colorado River, is the proper mechanism to attack the sufficiency of the jurisdictional allegations in the complaint.

Defendant also appears to attempt to distinguish this case from *State Water* on complexity grounds, arguing that the Ninth Circuit did not consider "a case such as ours where an individual action attaches a class action, which has different procedural requirements and uses a significant larger amount of court resources." (Doc. 22 at 7.) This argument is misplaced. In *State Water*, the "parallel" state claims were nuanced and multi-part causes of action arising under the California Environmental Quality Act, concerning one of the most highly complex water management

---

[1] For this reason, the pleading history here is notably less concerning than the pleading history in *State Water*. There, the Ninth Circuit was troubled by "[t]he fact that the United States did not plead its [unique federal claim] in its initial federal complaint," yet even with that concern "in mind" the United States' "actions [did] not constitute the type of forum shopping necessary to justify a *Colorado River* stay" because the United States was open and notorious about its forum choices from the very start, which was entitled to "respect." *State Water,* 988 F.3d 1206–07 (9th Cir. 2021). Here, Plaintiff included her federal claims in the case from the very beginning.

regimes in the world. *See State Water*, 988 F.3d at 1200. In its unique claim, the United States asserted that the California agency defendant also discriminated against the United States under the intergovernmental immunity doctrine of the federal Constitution. *Id*. That federal claim, while related, was legally and procedurally distinct, yet a partial stay was nonetheless deemed inappropriate. *State Water*, 988 F.3d at 1200.

Finally, Defendant cites *Denker v. Ricchio*, No. 8:21-CV-01668-JVS (DFMx), 2022 WL 17327326, at *4–5 (C.D. Cal. Sept. 1, 2022), a post *State Water* decision in which the district court determined it would be appropriate to stay counterclaims under *Colorado River*, while allowing the primary claims to proceed. *Denker* is distinguishable. The counterclaims at issue in *Denker* were "entirely parallel" to the state court action, such that trying them in federal court would result in wholesale duplication of efforts, whereas the primary claims involved entirely different parties and property. *Id*. at *5. That is not the case here. The entirety of the FAC addresses whether Plaintiff was properly compensated by her former employer.[2]

In sum, Defendant advances no compelling reason for this Court to disregard the Ninth Circuit's jurisprudence regarding the general impropriety of imposing a partial *Colorado River* stay.

## CONCLUSION

For the reasons set forth above, the motion to dismiss/stay pursuant to *Colorado River* (Doc. 9) is **DENIED**.

IT IS SO ORDERED.

Dated:   **January 26, 2024**                                                  /s/ Jennifer L. Thurston
                                                                                                        UNITED STATES DISTRICT JUDGE

---

[2] Defendant concedes that the FAC advances as individual claims many of the causes of action Plaintiff originally stated as class claims. (*See* Doc. 22 at 6.) Defendant argues that the individual claims have "absolutely no bearing on any of the class action claims." (*Id*.) It not readily apparent how this argument is relevant to the *Colorado River/State Water* analysis at all. If Defendant is suggesting that class claims can be severed off from individual claims like the counterclaims were separated from the main claims in *Denker*, Defendant cites no authority for such a maneuver, which would invite the creation of endless exceptions to *Colorado River* whenever claims could be grouped into categories.