UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL MITCHELL, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>UNITED HEALTH CENTERS OF THE SAN JOAQUIN VALLEY, *a California corporation*,<br><br>Defendant. | 1:23-cv-00060-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THE PARTIES' STIPULATION AND PROPOSED ORDER FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT BE DENIED<br><br>(ECF No. 70)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Crystal Mitchell ("Plaintiff") is a former hourly, non-exempt employee of Defendant United Health Centers of the San Joaquin Valley ("Defendant" and "UHSJ") who worked as a staff accountant at Defendant's facility. Plaintiff alleges that Defendant violated state labor laws by failing to include bonus calculations into the rate of pay for paid time off ("PTO"). Plaintiff further alleges that Defendant did not pay out all unpaid PTO to former employees upon separation.

The District Judge granted Plaintiff's motion for class certification on July 31, 2025, (ECF No. 59).

After multiple requests for extension of time, on January 27, 2026, the parties filed a "Stipulation and Proposed Order for Leave to File a Second Amended Complaint." (ECF No. 70). The stipulation states: "in furtherance of the Global Settlement, Plaintiff seeks to amend

1

the operative complaint in this action to add the State Court Plaintiffs as named plaintiffs and to assert their respective claims in this action for purposes of seeking Court approval of the Global Settlement." (ECF No. 70).  The parties also submitted a proposed Second Amended Complaint, which appears to add five additional named plaintiffs and multiple new claims.

The Court held a hearing on the stipulation, during which the parties explained that they seek to add claims currently pending in a related state case to this pending case for the purpose of seeking preliminary certification and approval of the parties' settlement of all claims— including those previously pending in this case and those newly added in the proposed second amended complaint.

For the following reasons, the Court recommends denying the parties' motion for leave to amend the complaint.  (ECF No. 70).

I.      BACKGROUND

      a.  Procedural History

On January 11, 2023, Plaintiff initiated this action by filing a class action complaint in the United States District Court for the Eastern District of California.  (ECF No. 1).

Plaintiff filed her First Amended Complaint on March 3, 2023.  (ECF No. 6). In Plaintiff's First Amended Complaint (ECF No. 6), Plaintiff alleged she was an hourly, non-exempt employee of Defendant from about March 2, 2015, to October 20, 2022.  (*Id.* at 3, 8). Plaintiff's amended complaint asserted both individual and class claims against Defendant for violations of the California Labor Code, Fair Labor Standards Act, IWC Wage Orders, and California Business and Professions Code.  (*Id.* at 1, 11-18).

On December 23, 2024, Plaintiff filed a motion for class certification.  (ECF No. 46). Following a hearing and extensive briefing by both parties, the undersigned issued findings and recommendations recommending that Plaintiff's Motion for Class Certification be granted. (ECF No. 56).

On July 31, 2025, the district judge adopted the findings and recommendations and granted class certification on the pending claims. (ECF No. 57).

\\\

### b. Stipulation For Leave to File Second Amended Complaint

Following several extensions of time, on January 27, 2026, the parties filed a stipulation along with a proposed order seeking leave to file a second amended complaint. (ECF No. 70).

Plaintiff states that Lupita Moreno, Yasmin Gonzalez, Mirella Torres, Adriana Mora, and Monica Rosas (State Court Plaintiffs") filed similar wage-and-hour class actions against Defendant in the California Superior Court. (*Id.* at 2). Plaintiff further states that Plaintiff and the State Court Plaintiffs reached an agreement to jointly prosecute their claims against Defendant.

Plaintiff, Defendant, and State Court Plaintiffs participated in a mediation on May 22, 2025 and reached a global settlement to resolve all pending actions, both in state court and this court. (*Id.*). The parties thus seek to amend the complaint in this action in order to add the State Court Plaintiffs and their respective claims. Plaintiff states this is for purposes of seeking Court approval of the "Global Settlement." (*Id.*).

The proposed second amended complaint seeks to add five additional named plaintiffs, bringing the total amount of named plaintiffs to six. (*Id.* at 7). Additionally, the proposed second amended complaint seeks to add four additional causes of action, bringing the total amount of causes of action to ten. (*Id.* at 6).

On February 23, 2026, the Court held a hearing on the proposed Second Amended Complaint. (ECF No. 72). The Court raised concerns that the stipulation did not include any legal analysis regarding jurisdiction for the proposed amended claims or the factors relevant for the Court to grant leave to amend.  Generally, the parties explained that the purpose of the second amended complaint was to move the pending state-court class claims to this court in order to facilitate their settlement agreement, which agreed to one payment in exchange for release of all claims in this and the pending state court action. Additionally, the parties explained that if the Court allowed amendment, they would likely seek approval of the settlement including preliminary certification of the state class claims.

Following the hearing, the Court permitted the parties to file supplemental briefing addressing the issues raised by the Court no later than March 6, 2026. (ECF No. 73).  Neither

party filed a supplemental brief and the time to do so has passed.

## II.  LEGAL STANDARD

Under Rule 15(a), a party may amend a pleading once as a matter of course within twenty-one days of service, or if the pleading is one to which a response is required, twenty-one days after service of a motion under Rule 12(b), (e), or (f).  Fed. R. Civ. P. 15(a)(1)(B).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

Granting or denying leave to amend is in the discretion of the Court.  *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996).  "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities."  *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).  "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint."  *Desertrain v. City of Los Angeles,* 754 F.3d 1147, 1154 (9th Cir. 2014) (citation omitted); *see also Eminence Cap., LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the 'touchstone of the inquiry under rule 15(a).'") (citation omitted).

"Although leave to amend 'shall be freely given when justice so requires,' Fed.R.Civ.P. 15(a), it 'is not to be granted automatically.'" *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citations omitted). "Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018).

## III.  ANALYSIS

The Court notes at the outset that the parties did not provide any legal argument in support of their request to amend the complaint.  They did not address the Court's jurisdiction over the proposed new claims, besides stating that the new claims were "similar wage-and-hour class actions against Defendants in the California Superior Court."  (ECF No. 70).  Nor did

they address any of the factors regarding amendment.  The parties also declined to submit any supplemental briefing to address these issues.

Nevertheless, to the best of its ability, the Court has examined the factors relevant to whether to grant leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint.

The Court finds no evidence of bad faith by the Plaintiff.

However, the Court does find undue delay.  Plaintiff filed this case more than three years ago, on January 11, 2023. (ECF No. 1).  Plaintiff filed her First Amended Complaint on March 3, 2023.  (ECF No. 6). This case has undergone discovery and class certification.

The parties have also long known about the state court actions, yet until now have litigated them separately.  Indeed, Defendant's motion to dismiss, filed on April 10, 2023, argued that this Court should dismiss a portion of this case based on those pending state actions.  (ECF No. 10, at p. 5) ("As set forth below, in light of the fact that there are currently three class action lawsuits filed against UHC dealing with the same class claims, all of which are further along (with some written discovery completed and are in the process of consolidation in Fresno County Superior Court), this court should dismiss or stay the Fifth and Sixth Cause of Actions of Plaintiff's First Amended Complaint pursuant to the *Colorado River* abstention doctrine to avoid piecemeal litigation, unnecessary costs and promote the efficient use of resources.").  Moreover, Plaintiff's motion for class certification asked this Court to take judicial notice of the "Register of Actions from consolidated case *Moreno v. United Health Centers of the San Joaquin Valley,* Superior Court of California, County of Fresno Case No. 22CECG01601." (ECF No. 54 at 2).  The parties have thus long been aware of the separate state court action, but have thus far chosen to litigate that case separately.

The Court does not find prejudice to the opposing party because Defendant has joined the stipulation.

The Court lacks information to determine the futility of the amendment.  As mentioned, the parties have provided no analysis regarding the proposed claims, including whether they are subject to the Court's jurisdiction.  *See* 28 U.S.C. § 1367(a) (allowing the district court to

exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy").

As for the last factor, the Plaintiff has previously amended her complaint once (*See* ECF No. 6).

Finally, it appears to the Court that the parties only seek to file an amended complaint to facilitate their agreement to settle all claims, state and federal, for one amount.  It is worth noting that such amendment would impose significant work on the Court at a time where the Court's resources are already strained.  Specifically, if the parties amend the claims, the parties will need to seek preliminary approval and class certification of the added claims. The Court would thus have to fully consider whether these new claims may be certified.  It would also complicate the Court's analysis as to whether any proposed settlement is fair and reasonable for the class claims before it.

Thus, after consideration of the relevant factors, the Court recommends denying the parties' stipulation and request to file an amended complaint.

## IV.  CONCLUSION AND RECOMMENDATION

Accordingly, IT IS RECOMMENDED that:

1.  The parties' stipulation and proposed order for leave to file a second amended complaint (ECF No. 70) be **DENIED**.

2.  The parties be directed to meet and confer and submit a joint proposed schedule for the remainder of the pending case no later than 14 days from the District Judge's ruling on these Findings and Recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen pages, including exhibits. Any reply to the objections shall be served and filed within fourteen days after service of the objections.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 23, 2026**                    /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE